# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| GLEN DOTSON, | ) |  |
|---|---|---|
|  | ) |  |
| Movant, | ) |  |
|  | ) |  |
| v. | ) | No. 4:19CV113 HEA |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent, | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on movant's pro se motion to vacate, set aside or correct his sentence. The motion is a second or successive motion within the meaning of 28 U.S.C.§§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied and dismissed as successive.

## Background

On May 12, 2008, a jury found movant Glen Dotson guilty of conspiracy to commit murder-for-hire and conspiracy to deliver a firearm to a convicted felon. On October 9, 2008, Movant was sentenced to 240 months incarceration in federal prison. *United States v. Dotson*, No. 4:05CR605 HEA (E.D.Mo.). Movant appealed his conviction and sentence to the Eighth Circuit United States Court of Appeals, which, on July 7, 2009, affirmed his conviction and sentence. *United States v. Dotson*, No. 08-3446 (8th Cir. 2009).

Movant filed his first motion for post-conviction relief under 28 U.S.C. § 2255 on May 14, 2010. *Dotson v. United States*, 4:10-CV-888 HEA (E.D.Mo.). The District Court denied the motion to vacate on April 18, 2013. *Id.* The Eighth Circuit Court of Appeals rejected movant's

request for certificate for appealability. *Dotson v. United States*, No. 13-2002 (8ᵗʰ Cir. 2013). Movant filed a motion to reopen his post-conviction proceedings in the District Court on June 23, 2014. The Court denied his request on June 25, 2014. Movant appealed, and the Eighth Circuit denied his appeal on December 1, 2014. *See Dotson v. United States*, No. 14-2838 (8ᵗʰ Cir. 2014).

Movant filed the instant motion to vacate on January 24, 2019.[1] In the instant motion to vacate, movant claims that the United States Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (April 17, 2018), applies to invalidate his sentence.[2] Thus, movant seeks to have his criminal conviction and sentence at least partially set aside on the grounds outlined by the Supreme Court in *Dimaya* and *Johnson*.

---

[1]Movant has also filed a pro se motion in his criminal case challenging the validity of his sentence. The Court will deny his motion as it is duplicative of the instant motion to vacate his sentence in the instant action.

[2]Movant's request for relief relies under the *Johnson* holding that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. The *Johnson* case focused upon the ACCA, which mandates sentencing enhancements for defendants previously convicted of three or more "violent felonies." 18 U.S.C. § 924(a). The *Johnson* court invalidated a portion of the ACCA called the residual clause, which concerned prior convictions for a "violent felony" that "otherwise involves conduct that presents a serious risk of potential risk of physical injury to another." 18 U.S.C. § 923(e)(2)(B); *see Johnson*, 135 S.Ct. 2551 (addressing *Johnson* petitioner's conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)). Although movant was not sentenced under the ACCA provisions at issue in *Johnson*, movant asserts that the *Johnson* analysis and holding should be extended to his "crime of violence" conviction under 18 U.S.C. § 924(c). In *Dimaya*, the Supreme Court held that the similarly-worded criminal law, 18 U.S.C. § 16(b), is unconstitutionally vague, but it "express[ed] no view" as to whether 18 U.S.C. § 924(c)(3)(B) fails for the same reason. However, not only is movant's argument secondary and successive, but also this Court also must be mindful of the holding in *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016), *cert. denied*, 138 S. Ct. 1976 (May 14, 2018).

## Discussion

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be denied and dismissed as successive.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED as SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal will be filed separately.

Dated this 19th day of March, 2019

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE